## PEOPLE v. BLAKE.

### February 28, 1884.

#### 3 Pac. 102.

**Dedication of Street.—The Finding That the Defendants Neither have nor had Any Title** to the land is sustained by the evidence, and, this being so, it is immaterial to them who the owners were who dedicated it for a street, and they cannot object that there is no finding by the court as to who such owners were.

C. A. & C. Tuttle and Jarboe & Harrison for appellants; George E. Whitney for respondent.

MYRICK, J.—The court below found that the land in controversy constitutes a portion of a public street, which had been wrongfully and unlawfully obstructed by the defendants, and that the defendants had and have no right or title thereto. In arriving at the conclusion that the land was a portion of a street, the court found that the same had been dedicated as a public street by the owners, and had been, with the permission of the owners, used by the public as a public street and highway from the beginning of the year 1853 to the end of the year 1859. The defendants object to the sufficiency of the findings, in that the court did not find who were the owners who thus made the dedication. If the defendants or their grantors have and had no interest in the premises, and no title thereto, it is an immaterial fact to them who were the owners.

The finding that the defendants had and have no right or title to the land is sustained by evidence, viz., the evidence of surveyors, tending to show that the quantity of land specified in the subdivisions of tract D, as per map of the subdivisions, is contained in the tract, placing the southern line of the tract eighty feet north of the northern tier of blocks, as delineated on the Kellersberger map; there is evidence tending to show that from the fence built along the southern line of subdivision No. 9 to the northern line of the so-called Fourteenth street, the distance is found as delineated on the map of tract D; there is evidence tending to show that the persons who caused the Kellersberger map and survey to be made caused a street of the width of eighty feet to be laid out, sur-

veyed and staked over and upon the premises in controversy; there is evidence tending to show that the northern tier of blocks, as delineated on the Kellersberger map, does not reach within eighty feet of the southern line of tract D, and, if that be true, the partition deed between the original owners did not include the premises, and they were not included in the deed from J. K. Irving to Goggin of subdivision No. 1 of tract D, and therefore not included in any deed conveying or purporting to convey the title of the original owners. The Kellersberger map delineates blocks and streets from the waterfront to the north line of the northern tier of blocks, giving the distance as three thousand eight hundred and fifteen feet; the partition map gives the westerly line of the space marked thereon ''Oakland'' as sixty-three chains—i. e., four thousand one hundred and fifty-eight feet; this westerly line is considerably less than the distance, as shown on the map, from the waterfront to the northerly line of the space marked ''Oakland,'' thus showing (at least sufficiently certain to sustain the finding) that the Kellersberger map did not embrace all the land between the waterfront and the tract D, as partitioned to J. K. Irving.

In this view of the case the other matters assigned as error become immaterial.

This case was here on a former appeal, at which time a new trial was granted: 60 Cal. 497. In the consideration of that appeal it was assumed that the north line of the blocks as delineated on the Kellersberger map corresponded with the south line of tract D; the discrepancy now apparent was not considered. This is mentioned to explain what would otherwise appear to be an inconsistency between the facts appearing on that appeal and on this. In the partition map ''Oakland'' is delineated as lying immediately south of tract D; and probably this fact led to the supposition that ''Oakland'' of the partition map corresponded with the Kellersberger map.

The judgment and order are affirmed.

We concur: Thornton, J.; Sharpstein, J.

I concur in the judgment: Morrison, C. J.